GEORGE V. BURGESS and Another v. E. D. GRAFF.

April 27, 1898.

Nos. 11,049—(224).

**Sale—Action for Price—Principal and Agent—Findings of Fact.**
 *Held*, that the findings of fact herein did not justify the conclusion of law by which judgment was ordered in plaintiff's favor.

Action in the municipal court of Duluth to recover $115.20, a balance claimed to be due for labor and material furnished by plaintiffs. From a judgment for $30.67 in favor of plaintiffs, entered pursuant to the findings and order of John H. Boyle, Special Judge, defendant appealed. Reversed.

*White & McKeon,* for appellant.

*A. E. McManus,* for respondents.

COLLINS, J.

Giving full effect to the findings of fact in this action, they do not support the conclusions of law. According to these findings, the goods (electric fixtures) were furnished and the work was performed at the request of one P. M. Graff, who was the actual owner of the building in question. The legal title to the property was in the defendant, who resided in Pennsylvania, but this title was merely held as security for a debt due and owing from said P. M. Graff to defendant. The former was in possession, and had been for a long time. He collected the rents, paid all the help, and contracted for all repairs. The defendant had never been in possession, and there was no evidence tending to show that he had ever authorized said P. M. Graff to purchase goods or to employ labor on credit on his account, or that he had ever given apparent authority to said Graff to act as his agent for any such purpose.

The account in dispute was charged upon plaintiffs' books to said P. M. Graff, with other items of goods sold to and work performed for him elsewhere. No part of it was ever charged to defendant. When the entire account, as charged upon the plaintiffs' books, became due, P. M. Graff gave to plaintiffs, and they accepted, his note for a part of the same. He failed to pay this note, and afterwards gave another, for a larger sum. This he failed to pay.

No valid claim against defendant can be based upon such findings, for they fail to show any authority, apparent or otherwise, conferred upon said Graff, under which he could make the purchase of goods, or employ labor, on credit or otherwise. There was a total absence of any finding on which could be based a claim that Graff had apparent authority to act as defendant's agent in this transaction.

Judgment reversed, and a new trial granted.